UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JPMORGAN CHASE BANK,

    Plaintiff(s),

    v.

JOSE CAMPOS,

    Defendant(s).
_____/

No. C-12-01215 DMR

**ORDER REASSIGNING CASE TO DISTRICT JUDGE; AND REPORT AND RECOMMENDATION TO REMAND TO SUPERIOR COURT OF CALIFORNIA**

    Defendant Jose Campos, owner of the property at issue in this matter, removed this case pursuant to 28 U.S.C. § 1441 from Alameda County Superior Court, where it was pending as a complaint for unlawful detainer. The Notice of Removal states two grounds for removal: that the Complaint presents a federal question such that the case could have originally been filed in this court, and that diversity exists between the parties. (Notice of Removal ¶¶ 3-4.) When a notice of removal is filed, the court must examine it "promptly," and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Neither Plaintiff nor Defendant has filed a declination or consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). Therefore, the court issues herein a Report and Recommendation and reassigns this case to a District Judge for final disposition, with the recommendation that summary remand be ordered.

**I. Federal Question Jurisdiction**

    Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which

provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  That rule applies equally to evaluating the existence of federal questions in cases brought initially in federal court and in removed cases. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n.2 (2002).  Relevant for purposes here, a federal question exists only when it is presented by what is or should have been alleged in the complaint. *Id*. at 830.  The implication of a federal question through issues raised by an answer or counterclaim does not suffice to establish federal question jurisdiction. *Id*. at 831.

According to Defendant's Notice of Removal, a federal question arises because California state courts have denied Defendant his "rights to equal protection of the laws as [a] Hispanic[] under the racially and ethnically discriminatory laws of the State of California."  (Notice of Removal ¶ 4.) The complaint that Plaintiff filed in Alameda County Superior Court, however, simply alleges a state cause of action for unlawful detainer.  (*See generally* Compl.)  Whatever Defendant intends to argue in response to this allegation does not give rise to removal jurisdiction. *See First Fed. Bank of CA v. Natividad*, No. 08-CV-1081, 2008 WL 5101567, at *2-3 (E.D. Cal. Dec. 2, 2008) (not reported in F. Supp. 2d) (holding that defendant's allegations of civil rights violations in unlawful detainer action does not give rise to federal subject matter jurisdiction); *see also Szanto v. Szanto Revocable Trust of 1991*, No. 10-1364-RS, 2010 WL 2280356, at *1 (N.D. Cal. June 7, 2010) (not reported in F. Supp. 2d) (holding that defendant's raising of civil rights violations in counterclaims does not create federal subject matter jurisdiction).

## II. Diversity Jurisdiction

A district court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  28 U.S.C. § 1332.  "[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses . . . ." *Ochoa v. Interbrew Am., Inc*., 999 F.2d 626, 629 (2d Cir. 1993).  Potential defenses to all or part of a plaintiff's claim do not affect the amount in controversy, because the defense may

be shown to be invalid. *See Riggins v. Riggins*, 415 F.2d 1259, 1261-1262 (9th Cir. 1969) (holding that statute of limitations defense might bar portion of relief sought did not affect amount in controversy). Similarly, the amount in controversy is determined without regard to any counterclaim to which a defendant may be entitled. *See Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977).

Defendant avers that this case fulfills the diversity jurisdiction requirements. (Notice of Removal ¶ 4.) He claims that he is a resident and citizen of the State of California, that Plaintiff is not incorporated in the state, and that the amount in controversy in this case is at least $108,300.00, the value of his home. (Notice of Removal ¶¶ 4, 16.) However, Defendant overlooks that the face of the Complaint unequivocally places its "DEMAND UNDER $10,000." (Compl.) As Plaintiff seeks $50.00 per day for Defendant's refusal to vacate the property beyond November 27, 2010, the total potential damages at the time of removal were $23,600, far below the $75,000 minimum required to establish diversity jurisdiction. Further, possession of the real property is the sole issue in the Complaint. The value of the property is irrelevant to the issue of possession. Accordingly, there is no basis for exercising diversity jurisdiction over the unlawful detainer action.

### III. Conclusion

For the reasons above, the court recommends that this action be remanded to the Alameda County Superior Court and that the Clerk be ordered to close the case file. The Clerk is directed to reassign this case to a District Judge.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

IT IS SO ORDERED.

Dated: July 5, 2012



DONNA M. RYU
United States Magistrate Judge